RECEIVED
IN ALEXANDRIA, LA
FEB 27 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CIT COMMUNICATIONS FINANCE CORPORATION | CIVIL ACTION NO. 00-CV-2690-A |
| -vs- | JUDGE DRELL |
| WEBSTER PARISH SCHOOL BOARD, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is Plaintiff CIT Communications Finance Corp.'s Motion to Remove Matter from Jury Trial Docket. (Doc. 248). Defendant Webster Parish School Board opposes the motion. (Doc. 252). After considering the parties' pleadings and applicable law, and for the reasons that follow, Plaintiff's Motion to Remove Matter from Jury Trial Docket is DENIED.

## Background

The relevant events are as follows:

1. Plaintiff CIT Communications Finance Corp. (hereinafter "CIT" or "Plaintiff") filed suit against the Webster Parish School Board (hereinafter "WPSB" or "Defendant") on December 11, 2000.

1

2. WPSB filed its original answer and therein requested the case be set for a jury trial. (Doc. 6).

3. CIT amended its complaint to add an additional defendant. (Doc. 11).

4. WPSB filed its Answer to the First Amendment Complaint, Counter Claim, Cross Claim, and Third Party Complaint (Doc. 19), which did not include a demand for a jury trial.

5. No subsequent pleading filed in this case included a jury demand.

6. Then-presiding Judge Rebecca F. Doherty issued a Minute Entry on August 14, 2002, which included the following provision: "[a]s previously stated, all parties agree that this will be a bench trial." (Doc. 81).

7. Judge Doherty issued a Scheduling Order on August 27, 2002 setting the case for a jury trial. (Doc. 82).

8. Judge Doherty issued a Minute Entry on August 30, 2002 correcting the August 27, 2002 Scheduling Order as to "reflect that this is a <u>bench</u> trial and not a jury trial." (Doc. 84).

9. Judge Doherty issued a Scheduling Order dated March 18, 2003 setting the case for a jury trial. (Doc. 99).

10. Judge Doherty issued a Minute Entry on March 26, 2003 correcting the March 18, 2003 Scheduling Order as to "reflect that this case will proceed as a bench trial." (Doc. 101).

11. The parties submitted a Rule 26(f) Report to the Court on May 16, 2003, which was signed by then-counsel for all parties and showed that the trial was to be a bench trial. (Doc. 104).

12. The undersigned conducted a telephone conference with counsel on September 13, 2005. (Doc. 240). Noticing the docket sheet's notation for a jury trial, the issue of WPSB possibly waiving its prior jury demand was discussed. Counsel was given until September 28, 2005 to ascertain whether WPSB would so waive. In a letter to the Court, attached to this ruling as an exhibit, counsel for WPSB notified us that his client would not waive its request for jury trial.

CIT asserts that WPSB's initial request for a jury trial was abandoned when it failed to include a jury demand in its answer to the Amended Complaint. (Doc. 248). Plaintiff contends that CIT's Amended Complaint "superceded its Original Complaint, and WPSB's Answer thereto likewise superseded its original Answer." (Doc. 248). Therefore, CIT claims, since WPSB's amended answer replaced its original Answer and WPSB did not re-assert its jury demand in the amended answer, no jury demand is extant. CIT further argues that, although Fed. R. Civ. P. 39(b) may furnish an additional path which allows the court to order a jury trial upon motion of a party, no such motion has been made, there is

no legitimate basis for such a motion, and a jury trial would be prejudicial to CIT.[1] (Doc. 248).

Defendant counters Plaintiff's allegations, maintaining that it properly filed and preserved its right to a jury trial by making such a request in its answer to CIT's original Complaint. (Doc. 252). Defendant claims it made a "general demand" for a jury trial and the demand covered "any and all issues in this case so triable and which affect WPSB." (Doc. 252). WPSB also asserts that the concept of abandonment of a jury demand is not appropriately applied to this case. (Doc. 252). WPSB further maintains that CIT's filing of its motion is untimely because it was not filed within the time line established by the Court in this case as reflected in the Minute Entry dated September 15, 2005. (Doc. 252). CIT filed its motion on December 12, 2005 and WPSB maintains it should have been filed on or before October 12, 2005. (Doc. 252).

## Law and Analysis

At the outset we determine that CIT's motion is timely. Neither the September 15, 2005 Minute Entry nor the source conference call contemplated the current situation. A portion of the substance of the call was to determine whether WPSB intended to waive its prior jury demand. Not discussed was CIT's time within which to file a motion to strike.

---

[1] CIT is correct that there is no outstanding motion requesting the court to order a jury trial. However, such a request is unnecessary since Defendant's jury demand remains in effect.

4

The facts in this case are particularly unusual, as is the current jury trial issue. Not only has this case graced the dockets of three different judges since its December 2000 filing, the passage of time and management of the case have resulted in multiple, confusing record entries as to whether this case is a bench or jury trial. Most of these entries are immaterial to our analysis today. After reviewing a plethora of cases in conjunction with this case's extensive record, our analysis is as follows:

Not surprisingly, we first note that no party has located a Fifth Circuit case closely mimicking the unusual set of facts and circumstances before us. Therefore, we reached our conclusion after examining three applicable sources of law. First, the Seventh Amendment to the United States Constitution preserves the right to trial by jury in "Suits at common law." U.S. Const. amend. VII. As the case before us is a breach of contract action, not based on any statutory provision, it is a suit at common law and the Seventh Amendment's jury trial protection clearly applies. Since the Seventh Amendment only *protects* the right to a jury trial and does not *require* one, the provision alone is insufficient to determine whether this case requires a bench or jury trial. We look, then, to the Federal Rules of Civil Procedure and their interpretations in the case law.

Rules 38 and 39 dictate how a litigant demands a jury trial and how that demand may subsequently be waived. Fed. R. Civ. P. 38(d) provides: "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein

provides may not be withdrawn without the consent of the parties." Rule 39(a) states:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury . . . .

Rule 39(b) continues:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

CIT does not challenge the assertion that WPSB made a proper jury demand in its original Answer. The initial demand was properly made and was, apparently, noted on the docket sheet. Since the Federal Rules are clear that all parties must enter into a written or oral stipulation before a jury demand can be waived in favor of a bench trial, we look to Fifth Circuit cases to understand how that Court understands when a waiver of a jury demand has occurred.

The rule in the Fifth Circuit is clear: where there is confusion about whether a trial is to be to a jury or the bench, the court should conduct trial by jury. Although we do not consider <u>Farias v. Bexar County Bd. of Trustees for Mental Health and Mental Retardation Services</u>, 925 F.2d 866 (5th Cir. 1991) to be substantively helpful in resolving this particular quandary, we note one significant sentence from the Fifth Circuit's opinion. The court reiterated the

6

"general principle that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary." Farias, 925 F.2d at 873 (citing Mesa Petroleum Co. v. Coniglio, 629 F.2d 1022, 1029 (5th Cir. 1980)). See also Pinemont Bank v. Belk, 722 F.2d 232 (5th Cir. 1984); Bush v. Allstate Ins. Co., 425 F.2d 393 (5th Cir. 1970). Similarly, the Fifth Circuit has declared: "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care . . . . Thus, courts should indulge every reasonable presumption against waiver." McDonald v. Steward, 132 F.3d 225, 229 (5th Cir. 1998)(internal quotation marks omitted).

Although CIT claims WPSB waived its right to a jury by failing to re-assert its jury demand in its amended answer and by signing the Rule 26(f) Report, we disagree. Indulging every reasonable presumption against waiver, all the while knowing that a trial judge has discretion in this regard, we do not think either of these documents clearly waives the prior jury demand. Failure to re-assert the jury demand does not show anything of note other than (possibly) sloppy lawyering and the Rule 26(f) Report is only one of many documents involved in this mess. While we acknowledge that counsel for all parties signed a Rule 26(f) Report stating this case was to be a bench trial, we do not consider the Report a written stipulation for a bench trial sufficient to satisfy Rule 39(a)'s waiver provision. The form the parties completed for the Rule 26(f) Report merely required them to circle one of two terms describing the type of trial to be

conducted: JUDGE or JURY. Considering the Fifth Circuit's strong preference for jury trials in situations lacking clarity, the numerous confused entries in the record regarding whether this case was to be a bench or jury trial, the parties' act of circling JUDGE rather than JURY is insufficient to constitute a "written stipulation filed with the court" as required by Rule 39(a).[2]

We further note that the statute does not speak to CIT's concept of "abandoning" a jury demand. Although WPSB's failure to reiterate its jury demand in its amended answer was unwise and may have contributed to the current confusion, its silence did not constitute an "abandonment" of the prior demand. Neither the Federal Rules nor Fifth Circuit case law recognizes an "abandonment" concept in reference to a previously demanded jury trial. Therefore, neither can we.

Having considered that the Rules require all parties to waive their right to a jury trial with clarity when such a trial has been demanded and also having considered the Fifth Circuit's preference for jury trials where the record is unclear about whether a jury demand is in effect, and having failed to find any strong and compelling reasons not to conduct a jury trial, we find that a jury trial is appropriate in this case.

Even if we had found that WPSB waived its jury demand, we would still have discretion to conduct a jury trial in this matter. Fed. R. Civ. P. 39(b). See

---

[2] We also do not consider any of the other random, confused entries to be waivers of the right to jury trial. Rather, they simply reflect the pandemonium that has surrounded this issue for so long.

also Bush, 425 F.2d at 396 (stating: "relief from that waiver was then to be found, if available at all, in an exercise of discretion by the District Court."). If this matter could not be decided based on the current state of the law, we would exercise that discretion and empanel a jury to decide the contested issues in this case.

Plaintiff's counsel cites several cases in its memorandum to show us that Defendant lacks a presently-operational request for a jury trial. It is our opinion that counsel reads these cases too broadly and that each is easily distinguishable in an important respect from the case before us.

First, counsel cites F.D.I.C. v. Massingill, 24 F.3d 768 (5th Cir. 1994) for the proposition that a minute order reflecting the parties' agreement to waive a jury trial is sufficient to constitute a waiver under Rule 39. (Doc. 255). However, CIT apparently failed to notice that the Fifth Circuit did not address whether the parties' waiver was sufficient. Rather, the circuit court refused to review the waiver issue because the appellant failed to object to a bench trial *prior to the trial's completion*. Id at 779. The court precluded the appellant from denying "that it waived its right to a jury trial and demand a new trial only after it had lost on the merits and failed to make a timely objection before the district court." Id. The issue in Massingill was whether a party could appeal the alleged waiver of a jury trial after failing to object in the trial court. Because no trial has been conducted in this case and because the Defendant *is* objecting to any finding of a jury waiver, we do not consider this case useful in our analysis.

9

Second, CIT's counsel cites Molett v. Penrod Drilling Co., 826 F.2d 1419 (5th Cir. 1987); Southland Reship, Inc. v. Flegel, 534 F.2d 639 (5th Cir. 1976); Sewell v. Jefferson County Fiscal Court, 863 F.2d 461 (6th Cir. 1988); and White v. McGinnis, 903 F.2d 699 (9th Cir. 1990) for the proposition that failure to object to an amended scheduling order, which showed that the trial was a bench trial, constitutes a waiver under Rule 39. (Doc. 255). In Molett, the judge discharged the jury after the parties reached a partial settlement and then announced that he would decide the case's remaining issues himself. The parties did not object to the court's proposed plan either at the time of the announcement or in their post-trial memoranda filed three weeks *after the trial concluded.* Molett, 826 F.2d at 1423. Only on appeal did one party raise his objection, claiming he never intended his silence to be construed as a waiver of his right to a jury trial. Id. Just as it did in Massingill, the circuit court did not focus on whether a party can waive his right to a jury trial by remaining silent. Rather, the court examined whether an issue not raised before the trial court can properly be raised on appeal. Id. at 1424. It concluded that a party may not. Id. For the same reasons that we do not find the Massingill case applicable, we do not consider Molett helpful either.

Southland Reship is slightly different. In this case, Southland Reship appealed, claiming the trial court's consolidation of its motions for preliminary and permanent injunctions one month before trial unconstitutionally deprived it of its right to a jury trial. Southland Reship, Inc., 534 F.2d at 640, 644. During an exchange at the beginning of the trial, appellant's counsel indicated he did not

10

object to the consolidated proceedings. Id. Appellant later argued that it was entitled to a jury trial because it did not make a formal oral stipulation on the record consenting to a bench trial after it had originally requested a jury trial. Id. The court did not agree for the following reasons: (1) counsel could have objected to the consolidation during the month that elapsed between the consolidation and trial; (2) the court discussed the issue about which appellant complained at the beginning of the hearing and "counsel quite clearly waived their right to a jury on [one issue] while retaining their right to a jury" on another; and (3) appellant submitted proposed findings of fact and conclusions of law to the court following the hearing without any objection to the nature of the trier of fact. Id. On these facts, even though there was not a formal, oral waiver made on the record, the appellate court found the appellant waived his right to a jury trial. Id. The court reiterated a principle announced in a prior case: "in a civil case a waiver (of right to jury after demand) is shown by mere acquiescence, when the party or his counsel is present and not objecting." Once again, while the Southland Reship court considered that counsel for appellant failed to object to the consolidation, the court also made its finding of waiver based on a total of three factors. The court did not indicate the failure to object to the consolidation, alone, was sufficient to constitute a waiver or that it was dispositive of the waiver issue. In the case before us, we see rampant confusion among the parties and the courts about whether this is a jury trial. There is no consistent indication as to one

position, as there was in <u>Southland Reship,</u> and we therefore do not consider this case authoritative on the matter before us.

<u>White</u> presents an issue we have seen in some of the earlier cases. In <u>White</u>, the Ninth Circuit held that "knowing participation in a bench trial without objection constitutes waiver of a timely jury demand." <u>White</u>, 903 F.2d at 700. In <u>White</u>, the appellant made a timely jury demand at the trial court level. Nearly six months prior to trial, however, the court scheduled a bench trial. No party objected. Appellant "sat through the entire bench trial and never once objected to the absence of a jury while his counsel vigorously argued his case to the judge." <u>Id.</u> Appellant neither alerted the court to the problem before it entered its judgment nor filed a motion for a new trial after the court issued its judgment. <u>Id.</u> The Ninth Circuit concluded that active participation in a bench trial constitutes a knowing relinquishment of a prior jury demand. <u>Id.</u> at 703. Once again, as we mentioned before, we are not concerned with how to address a party's challenge that he was denied the right to a jury *after* the trial occurs because we are addressing any potential problem *before* a trial begins.

We note that <u>Farias</u>, 925 F.2d at 873, <u>supra</u>, presented the Fifth Circuit with issues surrounding a party's failure initially to demand a jury trial within the time limitations specified by the Rules. The court upheld the district court's decision to deny the later, untimely motion for jury trial. Since there is no allegation in this case that defendants failed to make a timely, initial demand for a jury trial, we do not find <u>Farias</u> otherwise applicable.

**Conclusion**

Because we find that Defendant Webster Parish School Board made a proper demand for a jury trial in its original Answer and did not subsequently waive that right, Plaintiff CIT Communications Finance Corp.'s Motion to Remove Matter from Jury Trial Docket is DENIED.

SIGNED on this 24 day of February, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

# Fred H. Sutherland
### Attorney At Law
400 Travis Street, Suite 1610
Shreveport, LA 71101
Phone (318) 676-1515 / Fax (318) 676-1516
Email: sutherlandlaw@bellsouth.net

September 28, 2005

VIA FACSIMILE to (318) 473-7425

The Honorable Dee Drell
U. S. District Judge
Western District of Louisiana
P. O. Box 1071
Alexandria, LA 71309

      RE: CIT Communications Finance Corporation v. Webster Parish School Board, United States District Court, No. CV00-2690-A

Dear Judge Drell:

In accordance with your September 15, 2005 Minute Entry in the above-referenced matter, this is to notify the Court that after consultation with appropriate representatives of my client, the defendant, Webster Parish School Board does not wish to waive its request for a jury trial.

Also in accordance with the above-referenced Minute Entry, we enclose two copies of Webster Parish School Board's Motion for Leave of Court to File Further Dispositive Motions and/or Discovery Requests with Memorandum in Support thereof. These Motions and the Memorandum in support thereof have been filed with the Clerk of Court in Shreveport this date.

Thank you for your consideration of these matters.

Sincerely,

Fred H. Sutherland

FHS/dra
Enclosure